[No. 10,729.—In Bank.]
October 11, 1882.

## THE PEOPLE *v.* J. T. DAVIS.

PERJURY—SUFFICIENCY OF EVIDENCE—CORROBORATIVE EVIDENCE.—The law will not suffer any one to be convicted of the crime of perjury upon the uncorroborated testimony of a single witness.

APPEAL from a judgment of conviction, and from an order denying a motion for a new trial, and from an order denying a motion in arrest of judgment in the Superior Court of Stanislaus County. DENSON, J.

*D. S. Terry & J. H. Budd,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

ROSS, J.:

The defendant was indicted for the crime of perjury. Conviction followed. The perjury charged was alleged to have been committed on the trial of a certain action brought by one Matthews and wife against the defendant, at which time the defendant testified to certain conversations as having taken place—one between himself and Matthews, in the city

of Stockton, and another, between himself, Mrs. Matthews, and a Mr. Hewel, at Modesto, in Stanislaus county, and both relating to the execution of a certain promissory note which formed the subject matter of the action of Matthews and wife against defendant.

No one was present at, or heard, so far as appears, the conversation between the defendant and Matthews at Stockton, except the immediate parties. Yet the Court below instructed the jury: "It is charged by the prosecution that Davis testified falsely as to a certain conversation that he claimed to have taken place in Stockton between himself and H. O. Matthews respecting the giving of this note. It is claimed that the testimony of Davis, if true, was material to that issue: If you find from the evidence that Davis testified as alleged in the indictment concerning the conversation claimed to have taken place between himself and H. O. Matthews in Stockton, then I charge you that the testimony was material to the issue then being tried; and if you further find that that testimony was false and known by defendant to be false, then the defendant is guilty of perjury, and your verdict should be guilty as charged, and this notwithstanding you may find that the other testimony said to have been given by Davis on that trial was in fact true."

· This instruction was erroneous; for although Matthews had testified that no such conversation as the defendant swore to on the trial of the action of Matthews and wife against the defendant had occurred, there was but his oath against the oath of the defendant; and under such circumstances the law will not suffer one to be convicted of the crime of perjury. (2 Bishop on Crim. Pro., Sections 866 to 874 inclusive, and authorities there cited.)

There was no evidence corroborative of the testimony of Matthews in respect to the conversation between Davis and himself in Stockton. The Court below, in another part of its charge, recognized the rule of law to which we have referred, but treated as somewhat corroborative of Matthews' testimony the following circumstance: According to the testimony of the defendant on the trial of the action in which the perjury is alleged to have been committed, Matthews spoke in the conversation at Stockton of certain divorce pro-

ceedings between the defendant and his wife. Matthews, on
the trial of the present indictment, denied that he did so, and
further testified that he did not know of the divorce proceed-
ings until after the execution of the promissory note, which
followed the conversation at Stockton; and for the purpose
of corroborating Matthews in this particular, the prosecution
introduced in evidence an envelope addressed to him, which
he testified he received from the State of Missouri after the
execution of the note, and which he further testified con-
tained the papers in the divorce proceedings, and conveyed
to him the first information that there were any such pro-
ceedings pending. But all this depended solely on the testi-
mony of Matthews. Even the fact of his receipt of the en-
velope after the execution of the note depended on his testi-
mony alone. As he was not corroborated in any respect, the
Court below erred in instructing the jury as above indicated.

Judgment and order reversed and cause remanded for a
new trial.

MORRISON, C. J., and McKINSTRY, THORNTON, MYRICK, Mc-
KEE, and SHARPSTEIN, JJ., concurred.